UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM L. COKE, SR., 02-B-1082,

        Petitioner,

              v.

SUPERINTENDENT, GREEN HAVEN
CORRECTIONAL FACILITY,

        Respondent.

**ORDER**
06-CV-811F

---

## INTRODUCTION

Before the Court are Petitioner William L. Coke's motion to amend ("Motion to Amend") his Amended Petition (Doc. No. 26)[1] and his motion to stay ("Motion to Stay") (Doc. No. 30) the Proposed Amended Petition (Doc. No. 32) and to hold it in abeyance pending exhaustion of the claims he raised in a motion to vacate his conviction that he filed in Niagara County Court in March, 2009 pursuant to N.Y. Crim. Proc. Law §440.10 ("§ 440.10 Motion"). For the reasons set forth below, Petitioner's Motion to Amend is granted, and his Motion to Stay is denied.

## DISCUSSION

A. <u>Motion to Stay</u>

Petitioner's Motion to Stay, submitted in the form of a letter dated March 16, 2009 and filed March 20, 2009, seeks to hold his petition in abeyance pending his exhaustion of

---

[1]Petitioner's Amended Petition was filed on March 1, 2007 (Doc. No. 7), pursuant to the Court's Order dated March 1, 2007 (Doc. No. 6). Respondent's Amended Answer to the Amended Petition was filed on March 29, 2007 (Doc. No. 10). The state court records relevant to this proceeding had been filed at the time Respondent submitted his Answer to Petitioner's initial Petition for a Writ of habeas corpus (Doc. No. 3).

the § 440.10 Motion filed in Niagara County Court in March, 2009, a copy of which he filed in this Court on April 23, 2009 (Doc. No. 31) in conjunction with the Motion to Stay.[2] The § 440.10 Motion upon which Petitioner's Motion to Stay is premised, the third such motion that he has filed in state court, was denied by Order of the Niagara County Court (Hon. Sara S. Sperazza) dated April 30, 2009 (Doc. No. 33).

Petitioner moved for leave to appeal the April 30, 2009 Order of the Niagara County Court denying the § 440.10 Motion to the Appellate Division, Fourth Judicial Department (*See* Doc. No. 34). By Order dated September 24, 2009, the Appellate Division, Fourth Department denied Petitioner's motion for leave to appeal (Doc. No. 35). A denial by the Appellate Division of a motion brought pursuant to N.Y. Crim. Proc. Law §440.10 is not reviewable by the New York Court of Appeals, *Bethune v. Sabourin*, 299 F. Supp. 2d 162, 164 (W.D.N.Y. 2004), and the claims asserted in the § 440.10 Motion motion have thus been exhausted. Therefore, Petitioner's application for a stay, which requested that his

---

[2]While Petitioner's papers are rambling and discursive, occasionally to the point of incoherence, it seems clear that his Motion to Stay is based upon his belief that his Amended Petition is a "mixed petition", *i.e.* one containing *both* and unexhausted claims. *See* Doc. No. 32 (Part 2) ("[I]t came to my attention that I foolishly submitted a mixed petition where some issues were preserved and some were not."). However, Respondent's Answer to the Amended Petition ("Respondent's Answer") (Doc. No. 10) indicates that the grounds for relief asserted by Petitioner in the Amended Petition "are exhausted." *Id.* at 2. Inasmuch as an essential predicate of a stay of a habeas petition is the presence of a mixed petition, *see Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001), the Court would not be able to grant petitioner's request that his Amended Petition be held in abeyance if none of the claims asserted therein are unexhausted, as the Respondent's Answer suggests.

However, Petitioner's submission of the Motion to Amend his Amended Petition together with the proposed Second Amended Petition (Doc. No. 32), which includes statements of grounds for relief referring to his § 440.10 Motion filed in state court, indicates that Petitioner was aware that his Amended Petition was *not* a mixed petition, in which event he would be required, in order to obtain a stay, to file an amended petition containing both the exhausted claims raised in the Amended Petition and the new claims raised in the § 440.10 Motion. *See Bridgefourth v. Artus,* No. 05-CV-0535 (VEB), 2007 U.S. Dist. LEXIS 13088, at *8-9 (W.D.N.Y., Feb. 27, 2007) ("[I]f the claim or claims that Petitioner is now exhausting were not raised in the original petition, Petitioner must also file a proposed amended petition along with the renewed motion for a stay, setting forth all of the claims that he wishes this Court to consider"). Accordingly, the Court has treated the Motion to Stay as stemming from Petitioner's effort to exhaust in state court a new unexhausted claim or claims not raised in the Amended Petition.

2

habeas corpus petition be held in abeyance pending his exhaustion of the claims raised in his § 440.10 Motion in state court, has been rendered moot by the exhaustion of those claims, and must be denied. *See, e.g.*, *Valerio v. Phillips,* 02-CV-903(RJA)(VEB), 2007 U.S. Dist. LEXIS 86327, at *3-5 (W.D.N.Y., Nov. 21, 2007) (motion to stay habeas corpus petition was denied as moot where claims on which the motion was predicated were subsequently exhausted in state court proceeding brought pursuant to N.Y. Crim. Proc. Law §440.10).

B. Motion to Amend

Petitioner's letter motion to the Court dated February 14, 2009 (Doc. No. 26), which the Court has construed as the Motion to Amend, which is captioned "Petition to Amend 440.0 and Amend Memorandum of Law," confusingly conflates federal and state court proceedings, as the letter begins by stating that Petitioner is writing "to petition the Court for a motion to [his] amend 440.10 motion filed Dec. 8, [20]06, and denied by the Appellate Division, Fourth Dept. Aug. 07" (Doc. No. 26 at 1). Coke's original petition for habeas corpus was in fact filed in this Court in December, 2006, but Petitioner's subsequent reference to a decision of the Appellate Division in August, 2007 appears to be a reference to a determination he received from the Appellate Division of the New York State Supreme Court with respect to one of the several applications that he filed for post-conviction relief in state court. The February 14, 2009 letter is also confusing to the extent that it contains what appear to be indiscriminate references to a number of issues which would appear to be relevant to either or both his state and federal proceedings.

However, shortly after filing the February 14 letter, Petitioner submitted under cover of letter dated March 1, 2009 what is labeled an "Amended Petition," organized in

3

conformity with the components of a form habeas corpus petition, and accordingly docketed as a Proposed Amended Petition (Doc. No. 32). The Court therefore has liberally construed Petitioner's letter dated February 14, 2009, as a Motion to Amend. By Order dated March 11, 2009, the Court directed that Respondent respond to the motion by April 17, 2009. (Doc. No. 27). The response, filed March 16, 2009 stated that Respondent did not oppose the petitioner's motion to amend ((Doc. No. 28).

Motions to amend or to supplement a pleading are governed under Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Respondent having proferred his written consent in accordance with Rule 15(a)(2), the Court will grant Petitioner's motion to file a second amended petition for a writ of habeas corpus, and will accordingly direct that the Proposed Amended Petition (Docket No. 32) be docketed as "Second Amended Petition for Writ of Habeas Corpus", and that respondent shall file and serve an answer thereto.

## **ORDER**

Accordingly, for the reasons stated above,

IT HEREBY IS ORDERED, that Petitioner's Motion to Stay his petition for a writ of habeas corpus (Doc. No. 30) is denied as moot;

FURTHER, that Petitioner's Motion to Amend the petition for a writ of habeas corpus (Doc. No. 26) is granted;

FURTHER, that Petitioner's Proposed Amended Petition (Docket No. 32) shall be docketed as "Second Amended Petition for Writ of Habeas Corpus";

FURTHER, Respondent shall file and serve an answer to the Second Amended Petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than November 5, 2009. Respondent also shall file and serve by the above date a memorandum of law addressing each of the issues raised in the petition and including citations of relevant supporting authority.

FURTHER, Petitioner shall have thirty (30) days upon receipt of the answer to file a written response to the answer and memorandum of law.

SO ORDERED

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 29, 2009
          Buffalo, New York