UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

WILLIAM J. COKE, Sr., 02-B-1082,

        Petitioner,

      -v-                             06-CV-811(MAT)
                                              **ORDER**

SUPERINTENDENT,
GREEN HAVEN CORRECTIONAL FACILITY,

        Respondent.

─────────────────────────────

## I.    Introduction

Petitioner William J. Coke, Jr., ("petitioner") has filed a
*pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §
2254. Petitioner challenges his conviction of three counts of Rape
in the First Degree (N.Y. Penal L. § 130.35[1]); four counts each
of Rape in the Second Degree (N.Y. Penal L. § 130.30) and Sodomy in
the Second Degree (Penal L. § 130.45); and one count each of
Assault in the First Degree (Penal L. § 120.05[2]); Attempted Rape
in the Second Degree (Penal L. §§ 110.00, 130.30) and Sexual Abuse
in the Third Degree (Penal L. § 130.60[2]). Petitioner was
convicted following a jury trial in Niagara County Court before
Judge Peter Broderick on February 11, 2004, and was sentenced to
concurrent prison terms, the longest of which is twenty-five years
with an additional five years of post-release supervision.

Sentencing Tr. 11.[1]

## II.  Factual Background and Procedural History

### A.  Trial

Petitioner's convictions arise out of several incidents wherein petitioner had sexual contact with his twin step-daughters when they were eleven and twelve years-old. During the two-day trial, the jury heard testimony from both victims, their grandmother, an expert in child sexual abuse, and a detective with the North Tonawanda Police Department, to whom petitioner gave a statement admitting he engaged in sexual conduct with his step-daughters. Trial Tr. 249-273; 295-300; 307-323; 347-356; 369-385. Petitioner did not present any witnesses, nor did he testify at trial.

### B.  Appeal

Following his conviction, petitioner filed a direct appeal, through counsel, to the Appellate Division, Fourth Department, which unanimously affirmed his conviction. People v. Coke, 31 A.D.3d 1188 (4th Dept. 2006); lv. denied, 7 N.Y.3d 811 (2006).

### C.  Post-Conviction Relief

Petitioner brought three motions pursuant to N.Y. Crim. Proc. Law ("C.P.L.") § 440.10 to vacate his judgment of conviction. The first alleged ineffective assistance of trial counsel on numerous

_____

[1] Petitioner's sentences were to be served consecutively to a separate sentence that petitioner was then serving for another conviction for a sexual offense involving the victims' half-sister.

grounds. That motion was denied because petitioner's appeal was pending, and, in any event, trial counsel provided constitutionally adequate representation. See Decision and Order, No. 2003-022, dated 12/9/2004 (citing C.P.L. § 440.10(2)(b)).

On November 15, 2006, petitioner filed a second § 440.10 motion, arguing that his conviction was a result of an improperly-obtained statement and biased prosecution by the District Attorney and the police. That motion was denied without a hearing by the County Court for failing to raise the issues on direct appeal, failing to raise them in his previous § 440.10 motion, and for failing to provide sworn allegations of fact. See Decision and Order, No. 2003-022, dated 12/18/2006.

His final motion for *vacatur* raised the following claims: (1) petitioner's statements were obtained by police in a manner that violated his constitutional rights; and (2) the victims, who both testified at trial, were not credible and fabricated the allegations against petitioner. See Mot. dated 3/9/2009. The County Court again denied petitioner's motion on procedural grounds and on the merits. See Decision and Order, No. 2003-022, 4/30/2009.

D. The Habeas Petition

Petitioner filed his original petition for habeas corpus pursuant to 28 U.S.C. § 2254 with this Court on December 11, 2006. (Dkt. #1). The respondent filed an answer and opposing memorandum. (Dkt. ## 3, 4). Petitioner filed a second petition on March 1,

2007, which this Court ordered to be treated as an amended petition. (Dkt. #7). Accordingly, respondent filed an answer and opposing memorandum to the amended petition. (Dkt. ## 10, 11). Next, petitioner submitted a series of letters to the Court, seeking to hold his petition in abeyance pending the exhaustion of his third § 440.10 motion in state court, and to amend his existing petition.[2] (Dkt. #32). The Court denied petitioner's motion for stay as moot, and granted the motion to amend/correct the amended habeas petition. (#36). Pursuant to the Court's order, the respondent submitted an answer and supporting memorandum to the second amended petition. (Dkt. ## 37, 39). For the reasons that follow, the Court finds that petitioner is not entitled to habeas relief, and the action is dismissed.

## III. Discussion

### A.    General Principles

### 1.    Standard of Review

To prevail under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a petitioner seeking federal review of his conviction must demonstrate that the

---

[2] The Court points out that petitioner's papers are rambling, cryptic, and often indecipherable. He has entangled numerous issues relating to his state court proceedings with the constitutional claims he seeks to raise in this proceeding. Further, petitioner repeatedly accuses the district attorney, social workers, and police officers involved in his case of conspiracy and collusion, but does not formulate any factual allegations. The remainder of his claims are simply too vague and/or speculative to form a basis for habeas relief. In the interest of judicial economy, the Court will address petitioner's most salient claims on the merits.  See Second Amended Petition, ¶ 22(A)-(O); 22(P1)-(P3).

state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court. <u>See</u> 28 U.S.C. § 2254(d)(1), (2); <u>Williams v. Taylor</u>, 529 U.S. 362, 375-76 (2000).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>id.</u> at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." <u>Aparicio v. Artuz</u>, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." <u>Id.</u> This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by

clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also
Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The
presumption of correctness is particularly important when reviewing
the trial court's assessment of witness credibility."), cert.
denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state
court's findings "will not be overturned on factual grounds unless
objectively unreasonable in light of the evidence presented in the
state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340
(2003).

## B. Merits of the Petition

### 1. Sufficiency of the Evidence

In ground one of his second amended petition ("Pet."),
petitioner alleges that the prosecution failed to prove the element
of physical injury beyond a reasonable doubt with respect to his
conviction for first-degree assault. Pet. ¶ 22(A). (Dkt. #32). On
direct appeal, the Fourth Department held that, "[t]he evidence,
viewed in the light most favorable to the People (see People v
Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to
establish the physical injury element of assault in the second
degree." Coke, 31 A.D.3d at 1188 (citing N.Y. Penal L. 10.00[9];
People v. Brodus, 307 A.D.2d 643, 644 (3rd Dept. 2003)).

A petitioner who challenges the sufficiency of the evidence to
support his conviction faces a "very heavy burden." Knapp v.
Leonardo, 46 F.3d 170, 178 (2d Cir. 1995). The standard to be

applied on habeas review when the claim of legally insufficient evidence is made is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In making this assessment, the court must "credit every inference that could have been drawn in the state's favor ... whether the evidence being reviewed is direct or circumstantial." Reddy v. Coombe, 846 F.2d 866, 869 (2d Cir.), cert. denied, 488 U.S. 929 (1988).

One of the victims, A.M., testified at trial that petitioner hit her with a belt on her right calf, and "by the time he was done there was welt marks, bruises and one cut and it was bleeding." According to A.M., the marks on her leg and pain lasted for over a week and that the wound interfered with her ability to get dressed and play sports. Trial Tr. 267. A.M.'s grandmother testified that she observed "three or four" marks on the girl's right leg that appeared to be bleeding. Id. at 299. The jury also heard testimony that petitioner provided a written statement to detectives that there were incidents when he would hit both girls with a belt. Id. at 384. Thus, there was ample evidence upon which a rational jury could have found beyond a reasonable doubt that petitioner struck A.M. with a belt, with the intention of seriously injuring her.

Throughout his petition, petitioner repeatedly alleges that

the victims had ulterior motives in accusing petitioner of the crimes for which was convicted and that the victims' testimony was fase. He surmises that the charges were brought against him as "revenge" for petitioner's role in the victims' mother contracting, and eventually dying of AIDS. See Pet. ¶ 22(K), (P2-F). His argument, essentially, is that the jury should not have believed the testimony of the victims or the police because he was the victim of a conspiracy by all those involved in his prosecution. Pet. ¶ 22(P1-A), (P2-E), (P2-A), (P2-F), (P2-I).

Questions of witness credibility belong to the fact-finder, and the arguments petitioner made on direct appeal and here were already presented to, and resolved by the jury at his trial. See Garrett v. Perlman, 438 F.Supp.2d 467, 470 (S.D.N.Y. 2006) ("Petitioner's specific argument in support of this claim, that [the witness' testimony was "incredible," is likewise not reviewable in habeas proceedings since credibility determinations are the province of the jury.") (citing Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) ("[A]ssessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on [habeas] appeal.")). Neither on direct appeal nor on federal habeas is a court reviewing a sufficiency of the evidence claim permitted to revisit the factfinder's determinations as to the witnesses' credibility and veracity. E.g., United States v. Strauss, 999 F.2d 692, 696 (2d Cir.1993) ("[T]he

jury is exclusively responsible for determining a witness' credibility.") (citing <u>United States v. Roman</u>, 870 F.2d 65, 71 (2d Cir.), <u>cert. denied</u>, 490 U.S. 1109 (1989)); <u>Gruttola v. Hammock</u>, 639 F.2d 922, 928 (2d Cir. 1981) (rejecting insufficient evidence claim raised by habeas petitioner because jury was entitled to believe State's witnesses despite inconsistencies in their testimony and State's evidence). Here, the jury chose to believe the prosecution witnesses' version of events. Although the defense raised credibility issues with respect to the testimony of both victims, the jury nonetheless was entitled to credit the testimony of the prosecution witnesses, which this Court may not second-guess. <u>See</u> <u>United States v. Florez</u>, 447 F.3d 145, 156 (2d Cir. 2006).

Petitioner has not borne the "heavy burden" required to successfully mount a habeas challenge to the legal sufficiency of the evidence supporting his conviction. Accordingly, the Appellate Division did not render a decision that was contrary to, or an unreasonable application of Supreme Court precedent.

### 2. Petitioner was Denied his Right to be Present at Material Stages of his Proceedings

Petitioner next contends that he was deprived of his right to be present at material stages of his trial. Specifically, a <u>Sandoval</u>[3] hearing, a Grand Jury "hearing", and at a sidebar

---

[3] <u>See</u> <u>People v. Sandoval</u>, 34 N.Y.2d 371 (1974) (a trial court may make an advance ruling as to the admissibility of prior convictions or proof of prior commission of specific criminal, vicious, or immoral acts to impeach a

conference "determining which instructions would be submitted to the jury." Pet. ¶ 22(B)-(C). On direct appeal, the Fourth Department held,

> We reject the further contention of defendant that he was denied his right to be present at all material stages of his trial when <u>Sandoval</u> and precharge conferences were conducted in his absence. The record establishes that defendant waived his right to be present at the <u>Sandoval</u> conference, and his presence at the precharge conference was not required because it involved only questions of law or procedure.

<u>Coke</u>, 31 A.D.3d at 1189 (quotations and citations omitted).

A criminal defendant has the right "to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings." <u>Faretta v. California</u>, 422 U.S. 806, 819 n. 15 (1975); <u>accord</u> <u>Kentucky v. Stincer</u>, 482 U.S. 730, 745 (1987) ("[A] defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure.") The right to be present is not absolute. Rather, a defendant has a right to be present "to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." <u>Snyder v. Massachusetts</u>, 291 U.S. 97, 108 (1934), <u>overruled on other grounds</u>

---

defendant's credibility). Prior to jury selection, there was a <u>Sandoval</u> compromise agreed to by the court, the prosecutor, and defense counsel. Trial Tr. 2-3. Later that day, the prosecutor sought to put on the record that the <u>Sandoval</u> issue was discussed outside the presence of petitioner, that a compromise was reached, and inquired of petitioner whether that compromise was acceptable. Trial Tr. 224. Defense counsel stated, "Judge, I did discuss that with Mr. Coke and it is acceptable." <u>Id.</u>

by <u>Malloy v. Hogan</u>, 378 U.S. 1, 84 (1964).  Thus, a defendant's absence from a portion of his trial is reversible error only when it has a "relation, reasonably substantial, to his opportunity to defend" himself. <u>Snyder</u>, 290 U.S. at 108.

Under New York law, a criminal defendant has a statutory right to be present during a <u>Sandoval</u> hearing. <u>See</u> <u>People v. Morales</u>, 308 A.D.2d 229 (2nd Dept. 2003); <u>see also</u> <u>People v. Dokes</u>, 79 N.Y.2d 656, 662 (1992) (A defendant is required to be present at <u>Sandoval</u> hearing "except in circumstances where the nature of the defendant's criminal history and the issues to be resolved . . . render the defendant's presence superfluous.") District courts in this circuit, however, have found that a petitioner's absence during a <u>Sandoval</u> hearing does not provide a cognizable basis for habeas relief. <u>See</u> <u>Williams v. McCoy</u>, 7 F.Supp.2d 214, 220 (E.D.N.Y. 1998) ("Though a defendant has an absolute right under New York law to be present at a <u>Sandoval</u> . . . hearing, that right does not derive from federal constitutional principles. And, it is well established that federal courts reviewing habeas corpus petitions may only overturn convictions obtained in violation of the federal Constitution." (internal citation omitted); <u>Augustine v. Walker</u>, No. 9:98-CV-0771 FJS GLS, 2001 WL 1860883 at *9 (N.D.N.Y. June 12, 2001) ("[Petitioner] has not cited, and this Court has not found, any authority standing for the proposition that a defendant's failure to be present during the course of

either a <u>Ventimiglia</u> or <u>Sandoval</u> hearing is adequate ground upon which a federal court may grant a writ of habeas corpus."); <u>Brown v. Conway</u>, No. 05-CV-839, 2009 WL 604906, at *4 (W.D.N.Y. Mar. 9, 2009) ("[A] defendant's right to be present at a pre-trial <u>Sandoval</u> hearing has never been held to be required as a matter of federal constitutional law for purposes of habeas corpus review.") (citing <u>Alvarado v. Burge</u>, No. 05 Civ. 1851(AKH), 2006 WL 1840020 at *3 (S.D.N.Y. June 30, 2006).

Similarly, there is no federal constitutional right to an indictment by a grand jury, <u>Alexander v. Louisiana</u>, 405 U.S. 625, 633 (1972), nor is there any constitutional right to be present at a charge conference dealing only with legal questions, such as formulating jury instructions. <u>U.S. v. Rubin</u>, 37 F.3d 49 (2d Cir. 1994); <u>accord</u> <u>Illis v. Artus</u>, No. 06-CV-3077 (SLT)(VVP) 2009 WL 465789 at *2 (E.D.N.Y. Feb. 24, 2009)("The post-charge conference at issue herein involved solely questions of law. Accordingly, Petitioner's due process rights were not violated when he was excluded from it."); <u>Salley v. Graham</u>, No. 07 Civ. 455(GEL), 2008 WL 818691, at *4 (S.D.N.Y. Mar. 27, 2008) (denying writ because "defendant has no right to be present . . . 'where the proceeding at issue involves only questions of law or procedure'") (quoting <u>People v. Rodriguez</u>, 85 N.Y.2d 586, 591 (1995)).

Consequently, petitioner had no due process right to be present at any of the above-mentioned stages in his proceedings,

and has thus not presented issues cognizable on habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States). This claim is therefore dismissed.

### 3.   Harsh and Excessive Sentence

Petitioner argues that his sentence of twenty-five years imprisonment is harsh and excessive. Pet. ¶ 22(D).  The Appellate Division rejected this claim on direct appeal. Coke, 31 A.D.3d at 1189.

It is well-settled that a habeas petitioner's challenge to the length of his or her prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where ... the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp. 146 (E.D.N.Y. 1988), aff' mem., 875 F.2d 857 (2d Cir. 1989)); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion).

Petitioner was indeed sentenced to the maximum allowable term

for the rape convictions. His sentences, however, do not exceed the statutory maximum allowed by New York state law. <u>See</u> N.Y. Penal L. §§ 70.00, 70.15, 70.80; <u>see also</u> Sentencing Tr. 11-12. Moreover, the fact that he was sentenced consecutively to a previous undischarged term of incarceration is also permissible under New York's sentencing statute. <u>See</u> N.Y. Penal L. § 70.25. Accordingly, because petitioner's sentence falls within the statutory range, the claim does not present an issue that is cognizable by this Court on habeas review.

### 4.    Ineffective Assistance of Trial Counsel

Petitioner has challenged his trial counsel's performance on the basis that his attorney: (1) failed to present a defense; (2) failed to investigate and call certain witnesses; and (3) that counsel acted "improperly". <u>See</u> Pet. ¶ 22(L)-(O). The Niagara County Court, in denying petitioner's first § 440.10 motion, held that, in order to secure the evidentiary hearing petitioner sought, "[he] must still make a prima facia showing of potential ineffective assistance otherwise undisclosed in the record. That he has utterly failed to do. What little is even intelligible in his papers completely fails to demonstrate any reason to suspect that trial counsel was less than legally adequate." <u>See</u> Decision and Order, No. 2003-022, dated 12/9/2004.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must

show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690. Here, petitioner has failed to demonstrate that his counsel's conduct was deficient within the meaning of Strickland, and that, but for the deficiency, the result of his trial would likely have been different.

First, there is nothing that suggests that petitioner's attorney was unfamiliar with his case, or that he failed to prepare an adequate defense. To the contrary, counsel filed the appropriate motions and made the appropriate arguments during all stages of the trial, including a motion to dismiss the indictment

for lack of sufficient evidence. Trial Tr. 416. He skillfully cross-examined the prosecution's witnesses, and, on summation, counsel challenged victims' credibility and the voluntariness of petitioner's statements to police. Counsel also emphasized the lack of medical evidence to corroborate the claims of the two victims. Id. at 429-438. Petitioner's argument that his assigned attorney was unprepared is belied by the record.

Petitioner further argues that his attorney failed to call certain witnesses and to subpoena alibi witnesses. The court has reviewed the entire record and all of petitioner's moving papers. Nowhere does petitioner name the supposed alibi witnesses or state what they would have testified to. In fact, he fails to explain anywhere in his state court motions or in his habeas petition what his alibi was and how his attorney could have investigated it. This bare allegation is too vague to support a claim of ineffective assistance of trial counsel. See McPherson v. Greiner, No. 02 Civ.2726 DLC AJP, 2003 WL 22405449, *25 (S.D.N.Y. Oct. 23, 2003) ("[Petitioner]'s claims that trial counsel was ineffective for failing to investigate are conclusory and give no indication as to what exculpatory evidence a proper investigation would have revealed, or how such evidence would have benefitted [petitioner]'s case.") (citing Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990) ("To affirmatively prove prejudice [from counsel's failure to investigate], a petitioner ordinarily must show not only that the

testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial.")). Such speculation cannot meet either prong of Strickland's two-part test. Id.

Petitioner did provide counsel with a list of witnesses that he claimed would testify to his medical condition and to his character. He also requested that the victim's doctor testify regarding A.M.'s sexual activity[4]. Presumably, it is the same list petitioner included in his previous memorandum of law in this habeas proceeding. See "New Memorandum of Law" dated 4/23/2007 at 5-8. (Dkt. #13). Although petitioner does set forth the prospective witnesses names and what they would have testified to[5], the record clearly indicates that counsel's decision not to call the witnesses was a "strategic choice well within the range of professionally reasonable judgments." Strickland, 466 U.S. at 699. The trial transcript reads, in pertinent part:

> Mr. Farrugia: There was a witness list that [petitioner] gave me, your Honor. Some of

---

[4] Petitioner's argument, essentially, is that the physician's testimony would establish that A.M. was a virgin, thereby exonerating petitioner from the allegations of rape. Petitioner's reasoning fails, however, because under New York law, first and second-degree rape require only proof of "any penetration, however slight". See N.Y. Penal L. § 130.00; People v. Williams, 259 A.D.2d 509 (2d Dept. 1999) ("Penetration of the vulva or labia constitutes sexual intercourse even though the victim's hymen remains intact and there is no penetration into the vaginal canal.")

[5] The proposed testimony is patently irrelevant. For example, petitioner contends that "Aunt Betty . . . would told of how happy the family was," when the girls began to "disrespect" petitioner, and testified about the girls' smoking habits. Similarly, petitioner names two men that would have "verified my living at the Monastery," and that his former "common-law wife" would have testified to her own HIV-negative status. New Mem. at 5-8. (Dkt. # 13).

it involved calling in witnesses regarding his medical condition, his stay at Veteran's Hospital, that I don't think is going to add anything to the case. He also requested that I bring in Dr. Ruth from Grand Island who was the young lady's, [A.M's] doctor, to show that she was a virgin and I - - I just don't think that that's appropriate at this time, Judge. I don't think that that would add anything to the case as well. I just - -

The Court: To show that she was in fact a virgin?

Mr. Farrugia: We don't know, quite frankly, Judge, we don't know when or whether she was or wasn't.

The Court: Well, her prior sexual activity is not admissible.

Mr. Farrugia: I understand that Judge, but again unfortunately Judge, I think it would be more or less a fishing expedition if we did that. At this point we don't know what the records would say.

The Court: All right. Well, it certainly doesn't have any relevance to the case in the first place.

Mr. Farrugia: I understand, Judge.

Trial Tr. 420-21.

It is well-settled that "[t]he decision whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial." United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987); see also United States v. Aiello, 900 F.2d 528, 532-33 (2d Cir. 1990) (trial counsel's decision not to call two allegedly exculpatory witnesses and a handwriting

expert was not ineffective assistance); <u>United States v. Eisen</u>, 974 F.2d 246, 265 (2d Cir. 1992) (decision whether to call witnesses is a tactical decision). Counsel clearly had concerns about the prospective character witnesses and the victim's physician testifying, either because the testimony would have been unnecessary, irrelevant, or because such witnesses could have ostensibly been cross-examined regarding petitioner's previous conviction of a sexual offense, which was shielded by the court's earlier <u>Sandoval</u> compromise. As such, he made the strategic decision not to call those witnesses. Thus, the decision of counsel not to call the witnesses from petitioner's list cannot be said to be objectively unreasonable.

Finally, petitioner has not substantiated his claim, nor is there anything in the record that demonstrates that his attorney acted "improperly" or unethically, as he contends.

Because petitioner has failed to establish that his trial counsel was deficient, there is no need to examine whether his attorney's conduct prejudiced petitioner's defense. <u>See</u> <u>Greiner v. Wells</u>, 417 F.3d 305, 319 (2d Cir. 2005) ("'[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.'" (alterations in original) (quoting <u>Strickland</u>, 466 U.S. at 697)). I find, therefore, that the state court's decision was not contrary to, or an unreasonable

application of federal law.

**IV. Conclusion**

For the reasons stated above, William J. Coke, Jr.'s petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because the petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g. Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    February 5, 2010
          Rochester, New York